HENDRY, Judge.
The defendant below has appealed from an adverse order of the Circuit Court of Dade County. This case arose on the following facts: Schwartz, the plaintiff-ap-pellee, was injured in an auto accident which occurred in Minnesota. At the time of the accident, he was engaged in the course and scope of his employment for his employer, a Florida corporation based in Dade County. The employer carried workmen’s compensation insurance with the appellant, Consolidated Mutual Insurance Company, and Schwartz availed himself of workmen’s compensation benefits in the amount of about $6,500.00, such amount having been paid out by Consolidated Mutual for Schwartz’ medical care. The litigation arising out of the auto accident was prosecuted in the Minnesota Federal District Court, but before the case reached its conclusion, Schwartz settled the dispute for $21,000.00. Consolidated Mutual had filed a timely notice of claim of lien in the Minnesota action in order to insure its rights under § 440.39(2) Fla.Stat. F.S.A. This statute, set forth below, attempts to provide for workmen’s compensation insurance carriers an equitable distribution of proceeds of a third party law suit, such as the one Schwartz maintained against the Minnesota tortfeasors. This equitable distribution is to be determined by a pro rata share of the benefits that the insurance carrier’s insured received from the litigation. The pertinent portions of the equitable distribution statute are as follows:
“440.39 Compensation for injuries where third persons are liable.—
(( sfc i{i >{c >fi sfc
“(2) If the employee or his dependents shall accept compensation or other benefits under this law or begin proceedings, therefor, the employer or, in the event the employer is insured against liability hereunder then the insurer, shall be subrogated to the rights of the employee or his dependents against such *715 third party tort-feasor, to the extent of the amount of compensation benefits paid or to be paid as provided by subsection (3) of this section.
“(3) (a) In all claims or actions at law against a third party tort-feasor, the employee, or his dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee individually, and for the use and benefit of the employer if a self-insurer, or employer’s insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff, or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney’s fees for plaintiff’s attorney, such proration of court costs and attorney’s fees to be made by the judge of the trial court upon application therefor and notice to adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit, or their attorneys of record.
“(b) If the employer or insurance carrier has given written notice of his rights of subrogation to the third party tort-feasor, and, thereafter, settlement of any such claim or action at law is made, either before or after suit is filed, and the parties fail to agree on the proportion to be paid to each, the circuit court of the county in which the cause of action arose shall determine the amount to be paid to each by such third party tort-feasor in accordance with the provisions of paragraph (a) above.”
After the settlement, negotiations between Schwartz and Consolidated Mutual failed to produce any agreement on the amount of equitable distribution to which the insurance carrier was entitled. Seeking a judicial determination of the disputed amount, Schwartz filed a petition for equitable distribution which resulted in a final order requiring him to pay $2,000.00 to Consolidated Mutual in complete discharge of his obligations to the company.
Appellant now contends that the Circuit Court of Dade County was without jurisdiction over the subject matter when it heard Schwartz’ petition. We cannot agree.
The statutory language upon which the appellant bases his argument is found in § 440.39(3) (b), supra. Appellant specifically points out that if the Legislature said that the “ * * * circuit court of the county in which the cause of action arose * * * ” is to have jurisdiction over the case, then such county must be determined by the situs of the auto accident, i e. Minnesota. However, we hold that the more logical construction of this provision is that the insurance carrier’s obligation to pay the workmen’s compensation benefits, along with the accompanying right to sub-rogation, is the subject matter to which the statute is addressed. The situs of this obligation is of course, the location of the employer whose employees are protected by the insurance carrier. Appellee points out that had the Minnesota federal suit not been prosecuted, and Schwartz had instead settled the case without filing any law suit *716 at all, then the “trial court” referred to in § 440.39(3) (a), supra, would obviously have been the court of proper jurisdiction to determine Consolidated Mutual’s right of equitable distribution; therefore, in such case the forum would have been the proper court located in Dade County. The mere fact that suit was filed in the Minnesota Federal District Court cannot have a conceivable effect on the Legislature’s intent to secure an insurance carrier its equitable distribution in proceeds received by an insured, when the insurance carrier had made payment in the state of Florida as authorized by the Florida statute. And it is a cardinal maxim of statutory construction that no literal interpretation should be placed on the exact wording of a statute which leads to an unreasonable or ridiculous conclusion or a result obviously not designed by the Legislature. Palm Springs General Hospital, Inc. of Hialeah v. State Farm Mutual Automobile Ins. Co. et al., Fla.App.1969, 218 So.2d 793 [Third District Court of Appeal, opinion filed January 28, 1969].
Affirmed.