281 So.2d 563 (1973)
STATE FARM AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Sylvia R. HAUSER et al., Appellees.
No. 72-1433.
District Court of Appeal of Florida, Third District.
July 10, 1973.
Rehearing Denied September 10, 1973.
*564 Kuvin, Klingensmith & Coon and R. Fred Lewis, Coconut Grove, for appellant.
Podhurst, Orseck & Parks, Miami, and Bernard H. Butts, Jr., Hialeah, for appellees.
Before CHARLES CARROLL and HAVERFIELD, JJ., and SPECTOR, SAM, Associate Judge.
CARROLL, Judge.
On February 8, 1972, the appellee Sylvia R. Hauser received certain injuries in a collision of the vehicle she was driving with one operated by the appellee Desiderio Lazaro Delgado. The latter was insured under a policy issued by Travelers Insurance Company. The plaintiff was insured by a policy from State Farm Automobile Insurance Company. Under the personal injury protection benefits provision of the State Farm policy, without regard to fault, Sylvia Hauser received $1,339.60 from her insurer.
Thereafter Sylvia Hauser joined by her husband James Hauser filed an action in the circuit court of Dade County against the alleged tort-feasor Delgado and his insurer Travelers Insurance Company, seeking damages in excess of $5,000 for the injuries received by the plaintiff Sylvia Hauser and derivative damages claimed by the plaintiff James Hauser. During the pendency of the cause the plaintiffs and the defendants agreed upon a settlement in the amount of $5,000. The plaintiffs then moved the court to determine the amount to be received by their insurer State Farm out of the proceeds of the settlement, as equitable distribution. Following hearing on the motion the court entered an order holding that State Farm should recover $150, "as equitable distribution", against the plaintiff Sylvia Hauser and Travelers Insurance Company (the defendant's insurer). No question is presented regarding the form of that judgment.
*565 On this appeal by State Farm it is contended the court should have allowed State Farm the amount it had so paid to its insured, as provided for in subsection (3)(a) of § 627.736 Fla. Stat., F.S.A.
Instead, as indicated above, the court allowed a smaller sum, on the basis of equitable distribution of the amount recovered, proceeding under subsection (3)(b) of § 627.736. By paragraph (b) of subsection (3) it is provided "The insurer shall be entitled to reimbursement of any payments made under the provisions of this subsection, based upon such equitable distribution of the amount recovered as the court may determine, less the pro rata share of all court costs expended by the plaintiff in the prosecution of the suit to recover such amount against a third-party tort-feasor, including a reasonable attorney's fee for the plaintiff's attorney." It is further provided there that the proration of the reimbursement shall be made by the judge of the court handling the suit to recover damages in the third party action, upon application therefor and notice to the carrier.
Paragraphs (a) and (b) of § 627.736(3) Fla. Stat., F.S.A. resist reconciliation. Under the former, which does not refer to a suit or to prosecution of a suit by the claimant against a third-party tort-feasor, a claimant's insurer who has paid personal protection benefits to the claimant is stated to be entitled to be reimbursed in full therefor, provided the net amount of the "recovery" by the claimant from the tort-feasor is sufficient.
Under paragraph (b) provision is made for such reimbursement of the claimant's insurer "upon equitable distribution" of the amount recovered (less the prorata share of costs), with provision for the "probation of the reimbursement" to be made "by the judge of a trial court handling the suit to recover."
In this case, where there was a suit to recover, we find no reason to fault the trial court for proceeding under paragraph (b) of subsection (3) of § 627.736, rather than by granting full reimbursement under paragraph (a) thereof.
A further contention presented by the appellant is that if partial reimbursement upon equitable consideration was proper to be made in this instance, the allowance ordered by the court was so inadequate as to represent an abuse of discretion. We are inclined to agree. Here the claimant "recovered", by settlement, the sum of $5,000. Since the settlement was obtained without trial, and in fact prior to answer being filed by defendants, the expenses of the recovery should not have been considerable. In addition, the claimant had received $1,339.60 from her insurer, which, with the "recovery", made a total of $6,339.60. Based on those amounts, the allowance to the appellant insurer of $150, as reimbursement for its payment of benefits of $1,339.60, would appear to be less than a reasonable amount to be awarded on equitable distribution, in the absence of a showing in the record of facts or equitable considerations sufficient to so limit the insurer's reimbursement. On inspection of the record we find no such facts or equitable considerations disclosed. In so providing for such reimbursement on equitable consideration under paragraph (b) it should not be overlooked that under paragraph (a), for substantially the same circumstances, provision is made for full reimbursement, within the limit of net recovery.
For the reasons stated, we affirm the judgment of the court as to the basis upon which the reimbursement was made, but reverse the judgment and remand the cause to the trial court for a reconsideration and determination of the amount of reimbursement to be granted to the appellant insurer on equitable considerations.
It is so ordered.