292 So.2d 39 (1974)
Florentine REYES, As Next Friend, Guardian and Natural Mother of David Reyes, a Minor, and Florentine Reyes, Individually, Appellants,
v.
Leonard L. BANKS et al., Appellees.
No. 73-484.
District Court of Appeal of Florida, Fourth District.
February 22, 1974.
Larry Klein, of Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellants.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee, Leatherby.
CROSS, Judge.
Appellants-plaintiffs, Florentine Reyes, as next friend, guardian and natural mother *40 of David Reyes, a minor, seek review by interlocutory appeal of an order entered on a petition for equitable distribution determining payment to plaintiffs' personal injury protection insurance carrier, Leatherby Insurance Company, under Florida Automobile Reparations Reform Act, Section 627.736, Florida Statutes 1971, F.S.A. We reverse.
The minor plaintiff, David Reyes, was injured when as a pedestrian he was struck by an automobile. Pursuant to the Florida Automobile Reparations Reform Act, the minor plaintiff received the amount of $1,412.80 personal injury protection benefits from his own insurer, Leatherby Insurance Company. After suit was filed, but prior to trial, the plaintiff and the third party tort-feasor agreed to settle the case for the total sum of $4,250.00.
Thereafter, the plaintiffs filed a petition for equitable distribution seeking of the trial court a determination as to the amount of money that the plaintiffs' insurer, Leatherby Insurance Company, would be entitled to be reimbursed for the personal injury protection benefits paid by Leatherby Insurance Company to the minor plaintiff. In support of plaintiffs' petition for equitable distribution, plaintiffs' counsel filed an affidavit stating the following: that the amount of the settlement was $4,250.00; that the total medical specials were $1,992.20; that the amount paid by Leatherby Insurance Company was $1,378.80, leaving a balance of unpaid medical bills of $619.40 (apparently a payment of $40 was made by Leatherby Insurance Company to the minor plaintiff subsequent to the filing of the affidavit of plaintiffs' attorney, thereby making the total amount paid by Leatherby Insurance Company to the minor plaintiff the sum of $1,412.80); that the cost involved in the litigation of this suit amounts to $732.50; that the attorneys' fees are $1,062.50, which reflected a reduction of attorneys' fees from 33 1/3% to 25% in order to maximize the recovery to the plaintiff; therefore, after deducting all the costs, unpaid medical bills and attorneys' fees, the plaintiffs were left with a balance of $1,835.60.
The plaintiffs' contention was that the trial court should equitably distribute the amount of reimbursement to the plaintiffs' insurance carrier who paid the personal injury protection benefits, and that that carrier should bear a portion of the attorneys' fees and costs which were necessary to effectuate the recovery from the third party tort-feasor. Leatherby Insurance Company, on the other hand, asserted that it was entitled to be repaid the entire amount of the personal injury protection benefits paid to the plaintiffs without any equitable distribution. The trial court rejected the contentions of the plaintiffs and determined that Leatherby Insurance Company was entitled to full repayment in the sum of $1,412.80, which constituted all the personal injury protection benefits it paid the plaintiffs with no proration whatsoever.
Pertinent parts of the trial court's order on petition for equitable distribution appear as follows:
"The Court finds that Section 627.736(3)(a) provides for subtraction by the insurer before payment, or repayment to the insurer after payment, of the full amount of PIP benefits due or paid the insured, less the insured's attorney's fees and expenses, where the amount of the tort recovery exceeds, exclusive of attorney's fees and expenses, the amount of benefits paid or payable."
The trial court interpreted Section 627.736(3)(a), Florida Statutes, F.S.A., to foreclose "equitable distribution" where the plaintiff (the insured under the no-fault policy) settled the tort claim for an amount, exclusive of attorneys' fees and costs, in excess of the dollar amount of no-fault benefits paid. In such circumstances the trial court determined that the carrier is entitled to reimbursement of one hundred per-cent on the dollar out of settlement proceeds.
The trial court further determined that § 627.736(3)(b), Florida Statutes, F.S.A., *41 provided for equitable distribution only where the net recovery was less than the no-fault benefits paid. We conclude that the trial court was in error.
The applicable sections of F.S. 627.736, F.S.A. as they appear in Florida Statutes Annotated provide as follows:
"(3) Insurer's rights of reimbursement and indemnity.
"(a) No subtraction from personal protection insurance benefits will be made because of the value of a claim in tort based on the same bodily injury, but after recovery is realized upon such a tort claim, a subtraction will be made to the extent of the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered said benefits from the tort-feasor or his insurer or insurers. If personal protection insurance benefits have already been received, the claimant shall repay to the insurer or insurers, out of the recovery, a sum equal to the benefits received, but not more than the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered said benefits from the tort-feasor or his insurers or insurer. The insurer or insurers shall have a lien on the recovery to this extent. No recovery by an injured person or his estate for loss suffered by him will be subtracted in calculating benefits due a dependent after the death, and no recovery by a dependent for loss suffered by the dependent after the death will be subtracted in calculating benefits due the injured person except as provided in paragraph (1)(c).
"(b) The insurer shall be entitled to reimbursement of any payments made under the provisions of this subsection, based upon such equitable distribution of the amount recovered as the court may determine, less the pro rata share of all court costs expended by the plaintiff in the prosecution of the suit to recover such amount against a third-party tort-feasor, including a reasonable attorney's fee for the plaintiff's attorney. The proration of the reimbursement shall be made by the judge of a trial court handling the suit to recover damages in the third-party action against the tort-feasor upon application therefor and notice to the carrier." (Emphasis supplied.)
In State Farm Automobile Insurance Co. v. Hauser, 281 So.2d 563 (Fla.App. 1973), our sister court of the third district made the following determination at page 565:
"Paragraphs (a) and (b) of § 627.736(3) Fla. Stat., F.S.A. resist reconciliation. Under the former, which does not refer to a suit or to prosecution of a suit by the claimant against a third-party tort-feasor, a claimant's insurer who has paid personal protection benefits to the claimant is stated to be entitled to be reimbursed in full therefor, provided the net amount of the `recovery' by the claimant from the tort-feasor is sufficient.
"Under paragraph (b) provision is made for such reimbursement of the claimant's insurer `upon equitable distribution' of the amount recovered (less the prorata share of costs), with provision for the `probation of the reimbursement' to be made `by the judge of a trial court handling the suit to recover.'"
We agree with our sister court of the third district that paragraphs (a) and (b) of § 627.736(3), F.S.A., resist reconciliation. However, we go further to state that there is a positive repugnancy between paragraphs (a) and (b), and they are so inconsistent that they cannot be harmonized or reconciled. We therefore must construe the statute in a manner which will give effect to the purpose of the statute and to the legislative intent.
It is a well settled rule of construction that the last expression of the legislative *42 will is the law in cases of conflicting provisions in the same statute. State v. Board of Public Instruction, 113 So.2d 368 (Fla. 1959); Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962); 30 Fla.Jur., Statutes § 144.
There being a positive repugnancy between paragraphs (a) and (b), we determine that the latter paragraph (b) should govern in all cases to which it is applicable, and paragraph (b) revises the subject matter of the former paragraph (a). City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509, 510 (1924). Thus the insurer's rights of reimbursement shall be based upon equitable distribution in accordance with paragraph (b).
The equitable distribution provisions of § 627.736(3)(b), Florida Statutes, F.S.A., are taken almost verbatim from the equitable distribution provisions of § 440.39(3)(a), Florida Statutes, F.S.A., the Workmen's Compensation Statute. Therefore, we look for guidance to those workmen's compensation cases which have been determined by the courts of this state wherein the equitable distribution principle has been applied. See Hardware Mutual Insurance Co. v. Roth, 222 So.2d 768 (Fla.App. 1969); Reznick v. Schwartz, 219 So.2d 713 (Fla. App. 1969); Zurich Insurance Co. v. Renton, 189 So.2d 492 (Fla.App. 1966); Security Mutual Casualty Co. v. Grice, 172 So.2d 834 (Fla.App. 1965); Luby Chevrolet Inc. v. Foster, 177 So.2d 510 (Fla.App. 1965); Hartford Accident & Indemnity Co. v. McNair, 152 So.2d 805 (Fla.App. 1963); McAdams v. Armored Car Service of Florida, 139 So.2d 435 (Fla.App. 1962); Arex Indemnity Co. v. Radin, 72 So.2d 393 (Fla. 1954).
It has been urged by the Florida Supreme Court that no criterion which attempts to apply exact mathematical calculations to equitable distribution situations would be consistent with the language of the Workmen's Compensation Statute. Arex Indemnity Co. v. Radin, supra. Applying this to the No-Fault Act we would be remiss to attempt to devise any precise formula which would encompass every variable that may be present in situations arising under the equitable distribution provisions (paragraph 3(b)). We feel, however, that the following guidelines should be taken into consideration by the courts in determining equitable distribution pursuant to the No-Fault Act:
(1) The extent, if any, to which plaintiff failed to obtain full recovery for his entire damages;
(2) The amount of the attorney's fee (which is usually a contingent fee and runs anywhere from 25% to 50% depending on the circumstances);
(3) The amount of expense incurred in investigating and prosecuting the claim;
(4) The amount (and value) of the time, inconvenience and responsibility involved on the part of the injured person (who may have not only missed work but have necessarily undergone much anxiety and worry in regard to the claim, the law suit, being "in court" for the first time in his life, etc.);
(5) The fact that the client has to put up or stand good for the court costs, the investigation costs and other expenses of litigation while the carrier did not take this risk, and if the injured person has to end up paying all of these expenses without reimbursement, in the event of no recovery because of a defense verdict or no valid insurance or some other reason, it would be much harder on him ordinarily than it would have been on a large corporation.[1]
The above should not be construed to be the only guidelines to determine equitable distribution. Time and experience will no doubt suggest further guidelines. The final determination, however, remains in the *43 broad discretion to be exercised by the trial judge upon equitable considerations.
Accordingly, the order on petition for equitable distribution is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
MAGER, J., and DRIVER, B.J., Associate Judge, concur.
NOTES
[1] Florida Trial Lawyers Journal 134, November 1973, pages 13-14.