MAGER, Judge.
This appeal involves the interpretation of Section 627.736(3) (a) and Section 627.-736(3) (b), Florida Statutes, F.S.A. and the applicability of the equitable distribution doctrine as it relates to reimbursement rights of the insurer for personal injury protection benefits paid to an insured under the no-fault insurance law. The precise question was answered in Reyes v. Banks, 292 So.2d 39, Fourth District Court of Appeal, opinion filed February 22, 1974, which is determinative of the instant appeal.
In Reyes, this court rejected the trial court’s interpretation that Section 627.-736(3) (a) foreclosed equitable distribution where a plaintiff insured under a no-fault policy settled the tort claim for an amount, exclusive of attorney’s fees and costs, in excess of the dollar amount of the no-fault benefits paid. This court also rejected the trial court’s determination that Section 627.736(3) (b) provided for equitable distribution only where the net recovery was less than the no-fault benefits paid. This court observed, in part:
“There being a positive repugnancy between paragraphs (a) and (b), we determine that the latter paragraph (b) should govern in all cases to which it is applicable, and paragraph (b) revises the subject matter of the former paragraph (a). City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509, 510 (1924). Thus the insurer’s rights of reimbursement shall be based upon equitable distribution in accordance with paragraph (b).”
Based upon the reasoning and rationale of Reyes v. Banks, supra, the final judgment is reversed and the cause remanded for further proceedings in accordance therewith.
Reversed and remanded.
WALDEN and DOWNEY, JJ., concur.