292 So.2d 52 (1974)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Mildred MANCE and Lanier Mance, Her Husband, Appellees.
No. 73-883.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Talburt, Kubicki & Bradley, and Robert J. Dickman, Miami, for appellant.
Toby, Hyman, North Miami, E. Dennis Brod, Miami, for appellees.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
This appeal involves the construction of § 627.736, Fla. Stat., F.S.A., or the so-called "no fault" insurance law.
The appellee, Mrs. Mance, was involved in an automobile accident and sustained personal injuries. At the time of the accident, Mrs. Mance was insured by the appellant, State Farm Mutual Automobile Insurance Company, whose policy provided personal injury protection (PIP) benefits without regard to fault. State Farm paid $1,372.04 in PIP benefits to Mrs. Mance. Thereafter, Mrs. Mance settled her tort claim for $4,750.00 without filing suit. Mrs. Mance then filed the instant petition for equitable distribution, alleging that *53 such distribution was authorized where settlement without suit accomplished the recovery of the full amount of the PIP benefits paid. State Farm requested full reimbursement of all PIP benefits paid. The trial court entered an order awarding State Farm $150.00 from the settlement proceeds received by Mrs. Mance. State Farm now appeals that order for equitable distribution.
An examination of § 627.736(3)(a) and (3)(b), Fla. Stat.,[1] F.S.A., leads us to the conclusion that if there were sufficient funds above the cost of arriving at a settlement without suit, the PIP carrier is entitled to 100% reimbursement. This was alluded to in a prior opinion of this court in State Farm Automobile Insurance Company v. Hauser, Fla.App. 1973, 281 So.2d 563 [by Judge Charles A. Carroll], wherein the following is found:
* * * * * *
"Paragraphs (a) and (b) of § 627.736(3), Fla. Stat., F.S.A. resist reconciliation. Under the former, which does not refer to a suit or to prosecution of a suit by the claimant against a third-party tort-feasor, a claimant's insurer who has paid personal protection benefits to the claimant is stated to be entitled to be reimbursed in full therefor, provided the net amount of the `recovery' by the claimant from the tort-feasor is sufficient."
* * * * * *
Therefore, this record demonstrating that there were more than adequate funds to make a 100% reimbursement after deducting allowable expenses, the final judgment here under review be and the same is hereby reversed, with directions to award the appellant [on its petition as filed below] $1,372.04 from the settlement proceeds received by the appellees.
Reversed and remanded, with directions.
BARKDULL, Chief Judge (specially concurring).
I concur with the majority opinion because I believe Judge Carroll, in State Farm Automobile Insurance Company v. Hauser, supra, and the opinion of the Fourth District Court of Appeal by Judge Spencer C. Cross in Reyes v. Banks, Fla. App. 1974, 292 So.2d 39, have correctly interpreted the statutory enactment. However, I believe that the Legislature should *54 revisit this subject. It seems that the statute should not encourage litigation, yet the only way a claimant can have equitable distribution under the precise wording of subsections (3)(a) and (3)(b) of § 627.736, Fla. Stat., F.S.A., is to institute a law suit. This should not be the statutory requirements of this State. The policy of the law should be to encourage settlements; not to encourage litigation. National Surety Company v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24; DeWitt v. Miami Transit Company, Fla. 1957, 95 So.2d 898; Russell v. Shelby Mutual Insurance Company, Fla.App. 1961, 128 So.2d 161; Coe v. Diener, Fla.App. 1964, 159 So.2d 269; 6 Fla.Jur., Compromise and Settlement, § 4.
NOTES
[1] Insurer's rights of reimbursement and indemnity. 
(a) No subtraction from personal protection insurance benefits will be made because of the value of a claim in tort based on the same bodily injury, but after recovery is realized upon such a tort claim, a subtraction will be made to the extent of the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered said benefits from the tort-feasor or his insurer or insurers. If personal protection insurance benefits have already been received, the claimant shall repay to the insurer or insurers, out of the recovery, a sum equal to the benefits received, but not more than the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered said benefits from the tort-feasor or his insurers or insurer. The insurer or insurers shall have a lien on the recovery to this extent. No recovery by an injured person or his estate for loss suffered by him will be subtracted in calculating benefits due a dependent after the death, and no recovery by a dependent for loss suffered by the dependent after the death will be subtracted in calculating benefits due the injured person except as provided in paragraph (1) (c).
(b) The insurer shall be entitled to reimbursement of any payments made under the provisions of this subsection, based upon such equitable distribution of the amount recovered as the court may determine, less the pro rata share of all court costs expended by the plaintiff in the prosecution of the suit to recover such amount against a third-party tort-feasor, including a reasonable attorney's fee for the plaintiff's attorney. The proration of the reimbursement shall be made by the judge of a trial court handling the suit to recover damages in the third-party action against the tort-feasor upon application therefor and notice to the carrier."