295 So.2d 116 (1974)
George CATCHES, Appellant,
v.
GOVERNMENT EMPLOYEES INS. CO., Appellee.
No. T-344.
District Court of Appeal of Florida, First District.
May 28, 1974.
Rehearing Denied June 20, 1974.
*117 Jack S. Graff, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellant.
Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellee.
PER CURIAM.
This is an appeal from a final judgment of the Circuit Court of Escambia County ordering full reimbursement to appellee (defendant) of the $5,000 personal injury protection (PIP) benefits paid by appellee to appellant (plaintiff) under appellant's "no fault" automobile liability insurance coverage paid pursuant to Section 627.736(1), Florida Statutes, F.S.A. After payment of the $5,000 PIP benefits to appellant, the insurer of appellant's tort feasor paid to appellant its policy limits by issuing one draft for $5,000 payable to appellant individually and a second draft for $5,000 payable to appellant and his insurer, appellee, jointly. Appellant brought this suit praying for equitable distribution of the $5,000 PIP benefits. Appellee contends it is entitled to reimbursement of the full $5,000. The trial court in construing paragraphs (a) and (b) of subsection (3) of Section 627.736, Florida Statutes, F.S.A., denied equitable distribution and ordered that appellee was entitled to the full $5,000 reimbursement.
In White v. Reserve Insurance Company, 299 So.2d 661, opinion released May 7, 1974, this court ruled that in the absence of unusual or unforeseen circumstances not now contemplated, "equitable distribution" is applicable to all cases (whether suit be filed or not) arising under Sections 627.736(3)(a) and 627.736(3)(b).
The judgment is therefore reversed and this cause is remanded for further proceedings consistent herewith.
RAWLS, C.J., and McCORD and BOYER, JJ., concur.