295 So.2d 326 (1974)
GATEWAY INSURANCE COMPANY, C/O Central States Adjustment Bureau, Appellant,
v.
George LYMUS, Appellee.
No. 73-1198.
District Court of Appeal of Florida, Third District.
May 28, 1974.
*327 Vernis & Bowling, Coconut Grove, and Robert C. Lane, Jr., Miami, for appellant.
Joseph A. Ferrara, Coral Gables, for appellee.
Before CARROLL and HENDRY, JJ., and BOARDMAN, EDWARD F., Associate Judge.
PER CURIAM.
This is an appeal by Gateway Insurance Company from an amended final judgment of the trial court awarding it $150 as equitable distribution for payment of personal injury protection (PIP) benefits to its insured, the appellee herein.
The trial court awarded this sum as equitable distribution to the appellant for its previous payment of $1,727 to the appellee in PIP benefits under the provisions of Fla. Stat. § 627.736(1), F.S.A. In so doing, the court determined that subsection (3) (b) of Section 627.736 was applicable to the instant case, and not subsection (3) (a).
Further, the court ruled that the judgment would not serve to bar the appellee from seeking further PIP benefits against Gateway which were occasioned by the accident in this case, and that the appellant would retain the right to subrogation for any further benefits paid.
It is conceded that the appellee settled this case with the tortfeasor's insurance company for the sum of $6,750 without instituting a lawsuit. Thereafter, appellee filed a complaint seeking equitable distribution of the $1,727 paid by Gateway.
Then, the record reflects that appellee filed a new complaint, styled "First Amended Complaint," alleging certain losses sustained by the appellee, including permanent disability and loss of earning and working ability, which are permanent and continuing in nature.
In State Farm Automobile Ins. Co. v. Hauser, Fla.App. 1973, 281 So.2d 563, this court stated that subsections (3) (a) and (3)(b) of Section 627.736 "resist reconciliation." Therein, we indicated that (3)(a) applies when no lawsuit has been filed, and (3) (b) when suit has been commenced. With respect to subsection (3)(a), we stated:
"... a claimant's insurer who has paid personal protection benefits to the claimant is stated to be entitled to be reimbursed in full therefor, provided the net amount of the `recovery' by the claimant from the tortfeasor is sufficient."
Subsequent to the trial court's determination, this court decided State Farm Mutual Automobile Ins. Co. v. Mance, Fla. App. 1974, 292 So.2d 52, in which we held specifically that the insurer is entitled to full reimbursement of the PIP benefits it has paid to its insured [under subsection (3)(a)] provided that the recovery by the latter from the tortfeasor, exclusive of reasonable attorney's fees and other reasonable expenses in affecting the recovery, is a sum sufficient to reimburse the insurer.
Therefore, we must conclude that the trial court was in error in granting equitable *328 distribution under subsection (3) (b), rather than full reimbursement under (3) (a). In our view, Gateway was entitled to full reimbursement of the $1,727 in PIP benefits paid, since the net recovery of the $6,750 recovered from the tortfeasor is sufficient to reimburse the insurer.
We see no reason, however, to disturb the trial court's ruling in this case that the appellee is not barred from proceeding to make further PIP claims against the appellant. The insurer will still be liable to its insured for any PIP benefits to which he is entitled which exceed the insured's net recovery from the tortfeasor.
Therefore, for the reasons stated, that part of the judgment awarding the appellant $150 as equitable distribution in this cause is reversed with directions to award the appellant $1,727 as full reimbursement.
That part of the judgment permitting the appellee to make further PIP claims against the insurance company is affirmed.
Affirmed in part; reversed in part.