PER CURIAM.
Appellant appeals a trial court order requiring him to pay back 100% of the benefits he’d received from Reserve Insurance Company. The order was based upon the trial court’s interpretation of F.S. 627.736 (1971). We reverse and remand upon the authority of Catches v. Gov’t. Employees Ins. Co., 295 So.2d 116 (1st D.C.A.Fla.1974); Reyes v. Banks, 292 So.2d 39 (4th D.C.A.Fla.1974); Schwartz v. Hughey, 292 So.2d 43 (4th D.C.A.Fla.1974), and White v. Reserve Ins. Co., 299 So.2d 661 (1st D.C.A.Fla.1974). There should be an equitable distribution of the insurance funds in accordance with F.S. 627.736(3) (b) (1971) and these authorities.
The Third District has also endorsed equitable distribution under like circumstances, Liberty Mutual Ins. Co. v. Guillet, 294 So.2d 1 (3d D.C.A.Fla.1974); Murray v. Leatherby Ins. Co., 287 So.2d 344 (3d D.C.A.Fla.1973); State Farm Automobile Ins. Co. v. Hauser, 281 So.2d 563 (3d D.C.A.Fla.1973); but has added a requirement that suit must have been filed in order to warrant equitable distribution. State Farm Mutual Automobile Ins. Co. v. Manee, 292 So.2d 52 (3d D.C.A.Fla.1974). We do not subscribe to this requirement and hold equitable distribution does not depend upon the filing of suit. In so doing we align ourselves with the First District. See Catches v. Gov’t. Employees Ins. Co., supra.
Reversed and remanded.
OWEN, C. J., WALDEN, J., and FAR-RINGTON, OTIS, Associate Judge, concur.