299 So.2d 667 (1974)
UNIGARD INSURANCE COMPANY, Appellant,
v.
Henrietta DAVIS and Cynthia Davis, a Minor, through Her Next Friend, Fred Davis, Appellees.
Nos. U-55, U-57.
District Court of Appeal of Florida, First District.
June 20, 1974.
On Rehearing September 24, 1974.
Richard L. Brown, and Charles Cook Howell, III, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Jacksonville, for appellant.
David R. Lewis, of Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for appellees.
PER CURIAM.
Appellees were plaintiffs in the trial court in separate actions brought by each against appellant here. The two cases have been consolidated on appeal. The actions below were for personal injury protection (PIP) benefits, statutory penalty, attorneys fees and costs under a policy of liability insurance issued pursuant to the Florida Automobile Reparations Reform Act, Sections 627.730-627.741, Florida Statutes, F.S.A. The trial court entered individual summary judgments followed by final judgments in favor of each of the appellees in the amount of $5,000, plus interest, costs and attorney's fee. In addition, the trial court dismissed with prejudice appellant's counterclaims by which appellant sought, under Section 627.736(3)(a), subtraction of, reimbursement, and/or enforcement of a lien on the recovery obtained by each appellee on her claim in tort against the tort-feasor. (Each appellee *668 had settled with the tort-feasor without suit.)
Appellant contends that the trial court erred in entering the summary judgments and in dismissing its counterclaims, but at oral argument, appellant abandoned its contention that the entry of summary judgment was error and relied only upon its contention that dismissal of the counterclaim was error. We agree that the court erred in dismissing the counterclaim.
In view of our decision in White v. Reserve Insurance Company, Fla.App., 299 So.2d 661, opinion filed May 7, 1974, the trial court is reversed and this cause is remanded for "equitable distribution" pursuant to this court's opinion there. We have considered State Farm Mutual Automobile Ins. Co. v. Mance, Fla.App., 292 So.2d 52, and respectfully disagree with the ruling there made by the District Court of Appeal, Third District.
Reversed and remanded.
BOYER, Acting C.J., McCORD, J., and DREW, E. HARRIS. (Retired) Associate Judge, concur.

ON PETITION FOR REHEARING WITH RESPECT TO ATTORNEYS' FEES
McCORD, Judge.
This cause is again before us on a petition for rehearing with respect to attorneys' fees sought by appellees for this appeal. By our administrative order of June 18, 1974, we denied appellees' petition for allowance of attorneys' fees. Now, upon rehearing, we have determined that although we "reversed" the trial court's dismissal of appellant's counterclaim, such was not in actuality a ruling in appellant's favor. Appellant had sought reversal on an entirely different basis and reversal would not have been appropriate had appellees not settled their claim with the tort-feasor subsequent to the rulings of the trial court which were the subject of this appeal.
The trial court entered a summary final judgment in favor of appellees and against appellant granting to appellees $5,000 each in personal injury protection (PIP) benefits. Appellant then filed a counterclaim requesting that the amount paid to appellees by the tortfeasor be substracted from appellees' PIP claim against appellant. At that time, the tortfeasor had paid certain bills of appellees' but there had been no settlement of appellees' claim against the tortfeasor. The trial court dismissed the counterclaim. Appellant appealed from both the summary judgment and the order dismissing the counterclaim, but the primary thrust of the appeal was with respect to the summary final judgment. After this question was thoroughly briefed, appellant at oral argument abandoned this point.
The remaining question was whether or not the trial court erred in dismissing appellant's counterclaim. As heretofore mentioned, subsequent to the dismissal of the counterclaim, there had been a full settlement by appellees with the tortfeasor. We did not direct that the amount of the settlement be substracted from the PIP benefits as was sought by appellant's counterclaim, but we directed "equitable distribution" pursuant to our previous opinion in White v. Reserve Insurance Company, Fla.App., 299 So.2d 661, Opinion filed May 7, 1974, which is exactly what appellees in their brief stated they had no objection to. Appellees on page 7 of their brief stated:
"Henrietta and Cynthia do not intend to ignore or defeat Unigard's properly made claim for an equitable reimbursement of any personal protection benefits Unigard does pay."
At the time of the dismissal of the counterclaim, however, appellees' claim against the tortfeasor was unsettled, and it was only after such dismissal and this appeal that they reached a settlement. Thus, at that time there could have been no "equitable distribution."
Unigard's contention throughout this case has been that it should not be required *669 to pay PIP benefits to appellees until appellees received payment from the tortfeasor and such payment was set off in full against the PIP benefits. The trial court's rulings and our ruling were contrary to that contention. Thus, when one looks beneath the surface of our previous opinion remanding the case to the trial court for "equitable distribution", it is clear that appellees were the prevailing parties on the appeal and their attorneys should recover a reasonable fee.
This court's order of June 18, 1974, denying attorneys' fees to appellees' attorneys is vacated and this cause is remanded to the trial court with directions to assess attorneys' fees for appellees' attorneys for this appeal.
BOYER, Acting C.J., and DREW, E. HARRIS, (Ret.) Associate Judge, concur.