313 So.2d 67 (1975)
AMERICAN FIRE AND CASUALTY COMPANY, Appellant,
v.
John R. OLLER, a Minor, by His Father and Next Friend, Walter Oller, et al., Appellees.
No. 73-1165.
District Court of Appeal of Florida, Fourth District.
May 23, 1975.
*68 J. Richard Caldwell, Jr., Pitts, Eubanks, Ross & Rumberger, Orlando, for appellant.
Hubert I. Sears, Jr. and James F. Page, Jr., Best & Sears, Orlando, for appellees-Oller.
OWEN, Chief Judge.
The issue in this case is whether the court properly denied to appellant-insurer the right to any reimbursement or indemnity under § 627.736(3), F.S., where appellant had paid maximum personal injury protection benefits (PIP) to an insured who subsequently made a recovery from the negligent tort-feasor.
Appellant contends (1) it was entitled to full reimbursement under § 627.736(3)(a), F.S., or (2) alternatively, even if it was entitled only to equitable distribution under § 627.736(3)(b), F.S., the court abused its discretion in totally denying appellant any recovery under the facts of this case. The first contention has already been decided adversely to appellant's position by this court's opinion in Reyes v. Banks, Fla. App. 1974, 292 So.2d 39. We discuss herein only the alternative contention, which we feel has merit.
In the Reyes case, supra, we analogized the equitable distribution provisions of § 627.736(3)(b), F.S., to the equitable distribution provisions of § 440.39(3)(a), F.S., the workmen's compensation statute, and adopted the view, theretofore established in cases involving equitable distribution under the workmen's compensation statute, that no precise formula could be devised to be applied in every case with mathematical exactness due to the innumerable variables encompassed within the concept of equitable distribution. By way of caveat, lest the illustration we hereafter use be misunderstood, we reaffirm that view.
Nonetheless, a study of the guidelines which we announced in the Reyes case, supra (which decision was not available to the trial court at the time the appealed order was entered) will reveal that the principles governing equitable distribution do contemplate some mathematical relationship, though not exact, between the amount of recovery made by the plaintiff in the tort claim and the amount to which the insurer is entitled to be reimbursed. To amplify, the first three of the suggested *69 guidelines in the Reyes opinion necessarily imply a mathematical relationship between the full value of the plaintiff's claim and the net amount actually received (after deducting attorney's fees and expenses of litigation), the resulting figure to be utilized by the court in determining equitable distribution.
The initial step is to determine the extent, if any, to which a plaintiff failed to obtain full recovery for his entire damages. This requires an evaluation to be made of the full or true value of the claim where, as here, it is settled prior to the value being established by verdict of judge or jury. Necessarily, the matter of evaluating a claim for personal injuries prior to the time such value has been established by verdict is at best only an estimate. It is here, more than anywhere else, that it can be said that there is no precise formula that can be applied with mathematical exactness and thus it is in this area that the trial judge, in determining equitable distribution, must necessarily have the widest range of discretion. As in all cases involving the exercise of a sound judicial discretion, it must be one which finds a reasonable basis in the record.
Once the trial court has made a determination that the reasonable value of a plaintiff's claim was "x" amount of dollars, and it is shown that the plaintiff received from the tort-feasor (after deducting attorney's fees and costs) only the net sum of "y" dollars, simple mathematical calculations come into play as it can then be said that the plaintiff's net recovery was that fractional part of the full value of the claim as "y" bears to "x". Once this fraction is determined, absent other equitable considerations, the insurance carrier is entitled to be reimbursed the same fractional part of the amount it paid in PIP benefits. The presence of other equitable considerations may well justify, if not require, the resulting figure being further reduced, but if there are such other equitable considerations which bring about a further reduction, they should appear in the record and be expressly recognized by the court as the basis for its ultimate determination of equitable distribution.
In this case the court denied appellant any reimbursement because it found that the net recovery by plaintiffs was "small" in relation to the true value of the case. However, the court made no finding as to the true value of the plaintiffs' case and the record does not reflect any basis (such as expert witness testimony) which would permit us to assay the court's conclusion. Since the order does not reflect the presence of other equitable considerations which would justify reducing the insurer's reimbursement to less than an amount proportionate to the plaintiffs' net recovery on the tort claim, we conclude it was an abuse of discretion to deny altogether the insurer any reimbursement.
The order on petition for equitable distribution is reversed and this cause remanded for further consideration in light of the principles announced herein and in our decision in Reyes v. Banks, supra. The court may, in its discretion, permit the parties an opportunity to submit additional evidence relative to the issue of equitable distribution under § 627.736(3) (b), F.S.
Reversed and remanded.
MAGER, J., concurs.
CROSS, J., concurs only in conclusion.