PER CURIAM.
Archie Creel, the plaintiff below, appeals from the entry of a summary final judgment in an action to obtain personal injury protection benefits from his insurance carrier, the appellee.
*773 The Salient facts which we have gleaned from the record show that on July IS, 1972 the plaintiff’s car was struck from the rear by a vehicle driven by an agent for Ryder Truck Rental (Ryder), the third party tortfeasor in this case.
As a result, Creel filed a lawsuit against Ryder seeking damages for personal injury and derivative claims, and joined in the action were his wife and son, who were passengers in the car and who also claimed that they received personal injuries.
Subsequently, that lawsuit was settled on November 20, 1973 for $20,000. On April 3, 1974, Creel commenced the instant action seeking recovery of P.I.P. insurance benefits from his own insurance carrier, the appellee.
The record reflects further that on May 22, 1974, the appellee filed a “Request for Admissions” pursuant to Florida RCP L-370. The three requests contained therein read as follows:
“1. Admit that you filed a claim against a third party tortfeasor to recover for injuries sustained in the accident complained of in your complaint on July 15, 1972.
“2. Admit that this claim against the third party tortfeasor was settled with the third party tortfeasor or his insurer prior to the institution of any lawsuit.
“3. Admit that the net amount of your recovery on your claim against the third party tortfeasor would be sufficient to re-imburse the defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY, for the full amount of medical bills, hospital bills and lost time from work that you allege to be due and owing from the defendant, GOVERNMENT EMPLOYEES INSURANCE COMPANY, to you, if payment of said bills and expenses were made.”
The plaintiff did not respond to these requests, and accordingly the requests are treated as conclusive admissions. Also, the plaintiff did not attempt to move the court to withdraw or amend his admissions on grounds of excusable neglect or any other ground. See, RCP 1.370(b).
Instead, the plaintiff attempted to controvert[1] the admissions by filing an affidavit prepared by his attorney three days before the hearing on the defendant’s motion for summary judgment. The affidavit was legally ineffectual to vary the admissions. See, McKean v. Kloeppel Hotels, Inc., Fla.App.1965, 171 So.2d 552; Cf., Croft v. York, Fla.App.1971, 244 So.2d 161, 165.
On appeal, the plaintiff Creel submits that he should not be penalized for failure to respond to the request for admissions because he subjectively believed the three enumerated requests to be true, thus requiring no response. In fact, the plaintiff recognized at the hearing that the requests were “ambiguous” and also damaging to his case.
It is our view, however, that the plaintiff was unfortunately “hoist with his own petard.” We hold that the appellant’s explanation is insufficient to justify his failure to comply with Rule 1.370; and, therefore, the facts as admitted support the summary judgment rendered by the trial court. See, Farish v. Lum’s, Inc., Fla.1972, 267 So.2d 325.
Accepting Creel’s admissions, it is clear from a line of holdings by this court that the appellee owed him no payment as equitable distribution. State Farm Mutual Auto. Ins. Co. v. Mance, Fla.App.1974, 292 *774 So.2d 52; Gateway Insurance Co. v. Lymus, Fla.App. 1974, 295 So.2d 326.
For the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.

. We have read the affidavit filed by Creel’s attorney, and we find that the matters contained therein refute admissions (1) and (2) ; however, the affidavit does not contradict admission (3) above, but rather serves to admit it once again.