PER CURIAM.
The minor appellee, Bobby Davis, was injured when as a pedestrian he was struck by an automobile. Pursuant to the Florida Automobile Reparations Reform Act, the minor appellee received the amount of $1,606.00 personal injury protection benefits from his own insurer, appellant herein, Southeastern Fidelity Insurance Company. *411 The minor appellee through his next friend, guardian and parent, Cressie Adams, and the tortfeasor’s insurance carrier, Allstate Insurance Company, agreed to settle the minor’s personal injury claim for the total sum of $6,750.00.
Thereafter, appellee Cressie Adams, as next friend, guardian and parent of Bobby Davis, filed a petition for equitable distribution seeking of the trial court a determination as to the amount of money that the appellees’ insurer, Southeastern Fidelity Insurance Company, would be entitled to be reimbursed for the personal injury protection benefits paid by Southeastern Fidelity Insurance Company to the minor ap-pellee. A hearing was held on the petition. The trial court then entered an order denying Southeastern Fidelity Insurance Company the right to any reimbursement for personal injury protection benefits paid the minor appellee. It is from this order that Southeastern Fidelity Insurance Company takes the instant appeal.
Upon review of the record and after consideration of the briefs and oral argument of counsel for the respective parties, we determine that the trial court did not follow the principles delineated in American Fire and Casualty Company v. Oller, 313 So.2d 67 (Fla.App.1975), in determining the amount of reimbursement, if any, due Southeastern Fidelity Insurance Company for personal injury protection benefits paid the minor appellee. The trial court, therefore, erred in entering the order herein appealed.
Accordingly, the order on petition for equitable distribution is reversed and the cause remanded to the trial court for further consideration in light of the principles delineated in American Fire and Casualty Company v. Oller, supra.
Reversed and remanded.
WALDEN, C. J., and CROSS and DOWNEY, JJ., concur.