331 So.2d 301 (1976)
Charles WILLIAMS, Petitioner,
v.
GATEWAY INSURANCE COMPANY, Respondent.
No. 45641.
Supreme Court of Florida.
April 21, 1976.
Mark Poses, So. Miami and L. Barry Keyfetz, Ser & Keyfetz, Miami, for petitioner.
Robert J. Schramm, Tallahassee, for respondent.
ADKINS, Justice.
We have before us a petition for conflict certiorari which correctly alleges that the decision of the District Court of Appeal, Third District, in Williams v. Gateway Ins. Co., 294 So.2d 422 (Fla.App.3d 1974) conflicts with the decision of the Fourth District in Reyes v. Banks, 292 So.2d 39 (Fla. App.4th 1974). In turn Reyes conflicts with the Third District's decisions in Gateway Insurance Co. v. Lymus, 295 So.2d 326 (Fla.App.3d 1974), State Farm Mutual Auto Insurance Co. v. Mance, 292 So.2d 52 (Fla.App.3d 1974) and State Farm Automobile Ins. Co. v. Hauser, 281 So.2d 563 (Fla.App.3d 1973). Additionally, both Williams and Reyes are in conflict with the First District's decision in White v. Reserve Insurance Co., 299 So.2d 661 (Fla.App.1st 1974). Furthermore, conflict is also present in that the First District in White on rehearing held that its decision therein did not conflict with the Third *302 District's decision on the same point of law in State Farm Insurance Co. v. Mance, supra, since it subsequently expressly disapproved Mance in Unigard Insurance Co. v. Davis, 299 So.2d 667 (Fla.App.1st 1974). Thus, we have jurisdiction pursuant to Art. V, § 3(b)(3), Fla. Const., predicated upon conflict between decisions of the First, Third and Fourth Districts and between separate decisions of the First District itself.
We have also granted conflict certiorari jurisdiction in Creel v. Government Employees Ins. Co., 313 So.2d 772 (FlaApp.3d 1975) which involves the same point of law, to-wit: whether an insured in a motor vehicle accident is entitled to an equitable distribution of P.I.P. benefits following settlement with a third party tortfeasor where suit has not been filed prior to the settlement?
The pertinent facts in Williams are as follows: Petitioner was injured in an automobile accident, and respondent, his insurance carrier, paid him $3,927.26 in personal injury protection benefits. Prior to instituting suit, the petitioner's lawyer negotiated a settlement with the third party carrier for $10,000, the policy limit. The circuit court awarded the respondent an equitable distribution of that recovery in satisfaction of its claim of a lein for personal injury protection benefits paid, pursuant to Fla. Stat. § 627.736(3)(b). The circuit court later entered an amended order which awarded respondent the full sum of $3,927.26, pursuant to Fla. Stat. § 627.736(3)(a), based on the Third District's decision in State Farm Mutual Auto Insurance Co. v. Mance, supra. The District Court of Appeal, Third District, affirmed upon the authority of its earlier decision in Hauser, supra.
In Creel, supra, the petitioner, the insured, Creel was injured in an automobile accident and incurred medical bills in excess of $4,000 and lost time from work. Creel settled his claim against the third party tortfeasor (Ryder Truck Rental) for $20,000. As of this settlement, Creel's insurer, Government Employees Insurance Co. had not provided wage loss benefits nor paid any of Creel's medical bills. Consequently, Creel filed suit against his insurer alleging non-compliance with the terms of the insurance policy. During discovery, Creel was deemed to have admitted that settlement with the third party tortfeasor was concluded prior to the institution of suit. Based upon this admission, the trial court granted the insurer's motion for summary judgment and the Third District, in affirming, held:
"Accepting Creel's admissions, it is clear from a line of holdings by this court that the appellee owed him no payment as equitable distribution. State Farm Mutual Auto Ins. Co. v. Mance, Fla.App. 1974, 292 So.2d 52; Gateway Insurance Co. v. Lymus, Fla.App. 1974, 295 So.2d 326." Creel, supra, at 773-74.
The decision enunciated herein shall be dispositive of both Williams and Creel.
In State Farm Automobile Insurance Co. v. Hauser, supra, Mrs. Hauser was injured because of the collision of her vehicle with one driven by Lazaro Delgado. State Farm Ins. Co. (hereinafter referred to as State Farm) was Mrs. Hauser's insurer and paid her $1,339.60 in "no fault" P.I.P. benefits. Thereafter, Mr. and Mrs. Hauser filed suit against Delgado, the third party tortfeasor, and his insurer, Travelers Insurance Co. (hereinafter referred to as Travelers), seeking in excess of $5,000 in damages for Mrs. Hauser's personal injuries and derivative damages claimed by her husband. Prior to the filing of the answer by the defendants, the parties (the plaintiffs, the Hausers, and the defendants, Delgado and his insurer, Travelers) agreed upon a settlement of $5,000. Pursuant to plaintiffs' motion for equitable distribution, the trial court awarded the plaintiffs' insurer, State Farm, $150.00 under the equitable distribution reimbursement provisions of Fla. Stat. § 627.736(3)(b). State Farm appealed contending that the trial court *303 should not have employed equitable distribution under paragraph (b), but should have ordered the plaintiff to make full reimbursement of the $1,339.60 "no fault" P.I.P. benefits paid to her. In construing paragraphs (a) and (b) of subsection (3) of Section 627.736, the Third District stated that the two paragraphs "resist reconciliation" in that paragraph (a) requires full reimbursement to the no fault insurer (State Farm) by the insured (Mrs. Hauser) if the latter obtains settlement from the third party tortfeasor (Delgado) and his insurer (Travelers) prior to the institution of suit against the latter two parties; whereas, paragraph (b) requires equitable distribution, rather than full reimbursement, if the insured plaintiff (Mrs. Hauser) recovers judgment or settles her claim after suit has been instituted against the third party tortfeasor (Delgado) and his insurer (Travelers). Thus, even though the Third District stated that paragraphs (a) and (b) resisted reconciliation it harmonized the two by holding that paragraph (a) requires full reimbursement to the "no fault" insurer by its insured if the claim is settled prior to institution of suit by its plaintiff insured against the third party tortfeasor and his insurer and that equitable distribution under paragraph (b) only applies if settlement or recovery is obtained after suit has been filed.
The Fourth District on the other hand in Reyes v. Banks, 292 So.2d 39 (Fla.App.4th 1974) upon a substantially indentical factual situation agreed with the Third District's decision in Hauser that paragraphs (a) and (b) resist reconciliation, but repudiated the Hauser court's harmonization of the two by holding
"... [T]here is a positive repugnancy between paragraphs (a) and (b), and they are so inconsistent that they cannot be harmonized or reconciled. We therefore must construe the statute in a manner which will give effect to the purpose of the statute and to the legislattive intent." Reyes, supra, at 41. (Emphasis added)
The Reyes court held that paragraph (b) would control as the last expression of the legislative will. Reyes, supra, at 42, citing with approval Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962); State v. Board of Public Instruction, 113 So.2d 368 (Fla. 1959); 30 Fla.Jur., Statutes § 144 (1974). The Fourth District also held that
"... [P]aragraph (b) should govern in all cases to which it is applicable, and paragraph (b) revises the subject matter of ... paragraph (a). City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509, 510 (1924). Thus, the insurer's right of reimbursement shall be based upon equitable distribution in accordance with paragraph (b)." Reyes, supra, at 42.
Equitable distribution under paragraph (b) was therefore held to apply irrespective of whether suit has or has not been filed prior to settlement or recovery.
As noted earlier, the First District in White v. Reserve Insurance Co., 299 So.2d 661 (Fla.App.1st 1974) reached the same result as the Fourth District did in Reyes by harmonizing paragraphs (a) and (b).
The conflict among the decisions of the First, Third and Fourth District Courts of Appeal bear witness to the confusion this statute has engendered. It was the legislature's intent in enacting the Florida Automobile Reparations Act to encourage settlements and to minimize litigation. Yet, the decisions of the Third District require the institution of suit before equitable distribution may be employed. Lymus, Mance and Hauser, supra. This encourages litigation and defeats the legislative intent. Consequently, the decisions of the Third District in Lymus, Mance and Hauser, supra, are overruled. The First District in White, Unigard and *304 Catches v. Government Employees Insurance Co., 295 So.2d 116 (Fla.App.1st 1974) has given effect to the legislature's intent by harmonizing the paragraphs (a) and (b). However, to adopt these holdings would only engender further confusion as to the correct interpretation of the two paragraphs. Thus, the above decisions of the First District are overruled insofar as they attempt to harmonize paragraphs (a) and (b). We expressly approve, however, the First District's holding that equitable distribution is to be employed regardless of whether or not suit has been filed prior to settlement with the third party tortfeasor.
As pointed out by the First District in White, supra, 299 So.2d at 663, the Florida Statutes omitted part of the third line of paragraph (b). As enacted by the legislature Section 627.736(3)(a)-(b) correctly reads:
"(3) Insurer's rights of reimbursement and indemnity. 
"(a) No subtraction from personal protection insurance benefits will be made because of the value of a claim in tort based on the same bodily injury, but after recovery is realized upon such a tort claim, a subtraction will be made to the extent of the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered said benefits from the tortfeasor or his insurer or insurers. If personal protection insurance benefits have already been received, the claimant shall repay to the insurer or insurers, out of the recovery, a sum equal to the benefits received, but not more than the recovery, exclusive of reasonable attorneys' fees and other reasonable expenses incurred in effecting the recovery, but only to the extent that the injured person has recovered said benefits from the tortfeasor or his insurer or insurers. The insurer or insurers shall have a lien on the recovery to this extent. No recovery by an injured person or his estate for loss suffered by him will be subtracted in calculating benefits due a dependent after the death, and no recovery by a dependent for loss suffered by the dependent after the death will be subtracted in calculating benefits due the injured person except as provided in paragraph (1)(c).
"(b) The insurer shall be entitled to reimbursement of any payments made under the provisions of subsection (3) of this section based upon such equitable distribution of the amount recovered as the court may determine less the pro rata share of all court costs expended by the plaintiff in the prosecution of the suit to recover such amount against a third-party tort feasor including a reasonable attorney's fee for the plaintiff's attorney" (Laws of 1971, Ch. 71-252, § 7(3)(b). Emphasis added.)
We read these two paragraphs as being repugnant to one another. Consequently, we adopt the holding of the Fourth District in Reyes v. Banks, supra, in that paragraph (b, supercedes paragraph (a). Sharer v. Hotel Corporation of America, supra, State v. Board of Public Instruction, supra. Thus, equitable distribution is to be employed in cases both where suit has and has not been filed before settlement with the third party tortfeasor.
This Court has previously stated that no precise mathematical formula exists with which to determine equitable distribution. However, the guidelines formulated by the Fourth District in Reyes v. Banks, supra, at 42, should be considered. These being:
"(1) The extent, if any, to which plaintiff failed to obtain full recovery for his entire damages;
"(2) The amount of the attorney's fee (which is usually a contingent fee and runs anywhere from 25% to 50% depending on the circumstances);

*305 "(3) The amount of expense incurred in investigating and prosecuting the claim;
"(4) The amount (and value) of the time, inconvenience and responsibility involved on the part of the injured person (who may have not only missed work but have necessarily undergone much anxiety and worry in regard to the claim, the law suit, being `in court' for the first time in his life, etc.);
"(5) The fact that the client has to put up or stand good for the court costs, the investigation costs and other expenses of litigation while the carrier did not take this risk, and if the injured person has to end up paying all of these expenses without reimbursement, in the event of no recovery because of a defense verdict or no valid insurance or some other reason, it would be much harder on him ordinarily than it would have been on a large corporation." (Footnotes omitted.)
These guidelines were amplified in American Fire and Casualty Company v. Oller, 313 So.2d 67 (Fla.App.4th 1975), as follows:
"[A] study of the guidelines which we announced in the Reyes case, supra (which decision was not available to the trial court at the time the appealed order was entered) will reveal that the principles governing equitable distribution do contemplate some mathematical relationship, though not exact, between the amount of recovery made by the plaintiff in the tort claim and the amount to which the insurer is entitled to be reimbursed. To amplify, the first three of the suggested guidelines in the Reyes opinion necessarily imply a mathematical relationship between the full value of the plaintiff's claim and the net amount actually received (after deducting attorney's fees and expenses of litigation), the resulting figure to be utilized by the court in determining equitable distribution.
"The initial step is to determine the extent, if any, to which a plaintiff failed to obtain full recovery for his entire damages. This requires an evaluation to be made of the full or true value of the claim where, as here, it is settled prior to the value being established by verdict of judge or jury. Necessarily, the matter of evaluating a claim for personal injuries prior to the time such value has been established by verdict is at best only an estimate. It is here, more than anywhere else, that it can be said that there is no precise formula that can be applied with mathematical exactness and thus it is in this area that the trial judge, in determining equitable distribution, must necessarily have the widest range of discretion. As in all cases involving the exercise of a sound judicial discretion, it must be one which finds a reasonable basis in the record.
"Once the trial court has made a determination that the reasonable value of a plaintiff's claim was `x' amount of dollars, and it is shown that the plaintiff received from the tort-feasor (after deducting attorney's fees and costs) only the net sum of `y' dollars, simple mathematical calculations come into play as it can then be said that the plaintiff's net recovery was that the plaintiff's net recovery was that fractional part of the full value of the claim as `y' bears to `x'. Once this fraction is determined, absent other equitable considerations, the insurance carrier is entitled to be reimbursed the same fractional part of the amount it paid in PIP benefits. The presence of other equitable considerations may well justify, if not require, the resulting figure being further reduced, but if there are such other equitable considerations which bring about a further reduction, they should appear in the record and be expressly recognized by the court as the basis for its ultimate determination of equitable distribution." (Emphasis theirs.) 313 So.2d at 68-69.
These are the guidelines which should be followed by the trial court.
*306 The decision of the District Court of Appeal is quashed and this cause is remanded to the District Court of Appeal, Third District, for further proceedings consistent with the views expressed in this opinion.
It is so ordered.
OVERTON, C.J., and ROBERTS and BOYD, JJ., concur.
ENGLAND, J., dissents.