HENDRY, Chief Judge.
This is an interlocutory appeal to review a final order setting forth equitable distribution of a personal injury protection lien pursuant to Section 627.736, Florida Statutes (1975).
Appellee, petitioner below, filed a petition for equitable distribution against appellant, respondent below. The petition alleged that appellee had settled a third party action for $5,000.00 and had paid his attorney forty percent of the settlement as attorney’s fees. The record before the court did not contain any other facts, affidavits, or other proofs relating to the existence of any equitable considerations.
At the hearing, the court asked the attorneys for the respective parties what they thought was a fair figure. Appellee’s attorney replied “fifteen percent” while counsel for appellant argued that from the record before the court, no ground for deviation from the guidelines set forth in Williams v. Gateway Ins. Co., 331 So.2d 301 (Fla.1976), was present and that pursuant to the Williams formula, appellant was entitled to a sixty percent recovery of the benefits paid to appellee.
Notwithstanding the above, the court ruled that twenty percent recovery was sufficient and this appeal follows.
In Williams, supra, the Florida Supreme Court set forth a formula to be followed in determining the correct amount an insurer is entitled to be reimbursed for the personal injury protection benefits it has paid an insured, once that insured recovers his damages from a third party tortfeasor. The formula is to be followed, “absent other equitable considerations,” supra, at 305. After reviewing the record of the proceedings below, we find no evidence of “other equitable considerations” entitling the chancellor to deviate from the Williams formula, which is set forth fully in that opinion and need not be repeated here.
We also note, however, that the chancellor failed to inquire of the parties as to the existence of any “equitable considerations” that would permit a deviation from the aforementioned Williams formula.
Accordingly, the order appealed is reversed and remanded with directions to conduct an inquiry as to the existence of any “equitable considerations” and if none are present, to enter an order of equitable distribution pursuant to the guidelines set forth in Williams v. Gateway Ins. Co., supra.
Reversed and remanded with directions.