287 So.2d 344 (1973)
Tomie Lee MURRAY, Appellant,
v.
LEATHERBY INSURANCE COMPANY, an Insurance Company Authorized to Do Business in the State of Florida, et al., Appellees.
No. 73-331.
District Court of Appeal of Florida, Third District.
December 11, 1973.
Rehearing Denied January 18, 1974.
Joseph Rosenkrantz and Harvey D. Friedman, Miami Beach, for appellant.
Preddy, Haddad, Kutner & Hardy, and John A. Thompson, Jr., Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant appeals the trial court's order awarding his insurer 100% reimbursement of the personal injury protection benefits it has paid under the Florida Automobile Reparations Reform Act in the sum of $1,548.15, and not allowing equitable distribution.
On February 12, 1972 the appellant, Tomie Lee Murray, received certain injuries *345 as a result of a collision of the vehicle he was driving with the vehicles operated and/or owned by the defendants. At the time, plaintiff-appellant was insured under a policy issued by the appellee, Leatherby Insurance Company. Under the personal injury protection benefits provision of this policy, without regard to fault, Tomie Murray received $1,548.15 from his insurer.
Thereafter, Tomie Murray as plaintiff filed suit against the defendants Isaac James and his wife Sara, Richard Newton and Charles Newton and Nationwide Mutual Insurance Company, the insurer of Mr. and Mrs. James, seeking damages in excess of $2,500. Subsequently, plaintiff and the defendants agreed upon a settlement in the amount of $3,800. The plaintiff then moved the court to determine the amount to be received by his insurer, Leatherby Insurance Company, out of the proceeds of the settlement as equitable distribution. The trial court entered its order holding that appellee-insurer should recover 100% reimbursement from the proceeds of the settlement rather than reimbursement on an equitable basis.
On appeal, plaintiff-appellant contends that the trial court erred in awarding Leatherby 100% reimbursement where the equitable distribution referred to in Fla. Stat. § 627.736(3)(b), F.S.A. should be applied. We concur.
We find the case of State Farm Automobile Insurance Co. v. Hauser, Fla.App. 1973, 281 So.2d 563, which is factually similar to the case at bar (i.e. a settlement after suit was filed) to be controlling. In Hauser, the court determined that where there was a suit to recover as in the case sub judice, the trial court is correct in proceeding under paragraph (b) of subsection (3) of § 627.736 rather than by granting full reimbursement under paragraph (a) thereof.
Accordingly, we must reverse the judgment and remand the cause to the trial court for a reconsideration and determination of the amount of reimbursement to be awarded to appellee-insurer on the basis of equitable distribution pursuant to F.S. § 627.736(3)(b).
It is so ordered.