294 So.2d 2 (1974)
Cathy K. JOHNSON, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, et al., Appellees.
No. 73-1164.
District Court of Appeal of Florida, Third District.
April 30, 1974.
*3 Ralph P. Ezzo, Miami, for appellant.
Ronald I. Strauss, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
The point involved in this appeal presents a question similar to the one considered in, Liberty Mutual Ins. Co. v. Guillet, Fla.App., 294 So.2d 1, decided today.
Unlike the situation in the Liberty Mutual case, however, the order appealed in this cause denied the appellant's petition for equitable distribution and awarded the appellant's personal injury protection (PIP) insurance carrier full reimbursement for benefits previously paid to the appellant.
The record in the present case reflects that the appellant was involved in an automobile accident for which the appellee, her PIP carrier, paid $2,236.75. Thereafter, appellant filed a complaint against the alleged tortfeasor, Marcelino Jimenez, and her insurance company. An answer was filed together with a "Request For Production Of Documents And Things." These discovery matters were supplied to the defendants by the appellant and her attorney. In addition, interrogatories were propounded to the appellant, which she answered. The defendants also filed motions for a physical examination of the appellant and to add her husband as a party plaintiff. Shortly thereafter, and less then four months after the complaint had been filed, the parties settled the suit for $10,000.
The appellant then petitioned the court for equitable distribution of the PIP payments her insurer had made to her. The court thereafter entered the order now appealed.
The appellee cites State Farm Auto Ins. Co. v. Hauser, Fla.App. 1973, 281 So.2d 563, which likewise was cited by the trial judge, in support of the order denying equitable distribution.
In essence, the appellee contends that the appellant elicited no facts or equitable considerations which would entitle her or her attorney to equitable distribution in this case. We disagree.
Our review of the record does reveal equitable matters which would entitle the appellant to retain some of the PIP money which the appellee paid. For instance, we think that any costs incurred in filing suit against the alleged tortfeasor would be proper for equitable distribution.
In this connection, we point out the recent opinion written by Judge Cross of the Fourth District Court of Appeal in Reyes v. Banks, Fla.App. 1974, 292 So.2d 39. In that decision, five guidelines were enumerated by the court to provide assistance in reaching determinations as to the amount of equitable distribution which should be given under Fla. Stat. § 627.736(3)(b), F.S.A.
Therefore, for the reasons stated, the order appealed is reversed and the cause is remanded with directions to reconsider and redetermine the amount to be awarded the insurance company as equitable distribution.
Reversed and remanded with directions.