294 So.2d 1 (1974)
LIBERTY MUTUAL INSURANCE COMPANY, as Personal Injury Protection Carrier, Appellant,
v.
Joseph J. GUILLET and John C. Ancrum, Appellees.
No. 73-1111.
District Court of Appeal of Florida, Third District.
April 30, 1974.
Ronald I. Strauss, Miami, for appellant.
Hyman & Kovnot, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
The Liberty Mutual Insurance Company seeks review of an order awarding the company $445.14 as equitable distribution from proceeds which its insured, Joseph J. Guillet, recovered from a settlement with John C. Ancrum, the third party tortfeasor in this cause.
*2 Guillet was involved in an automobile accident with Ancrum. Thereafter, Guillet made application to his insurance company, Liberty Mutual, for personal injury protection (PIP) benefits under the provisions of the "no-fault" insurance law. Liberty Mutual made payments to Guillet totaling $2,402.80, consisting of $1,673.40 for medical expenses and $729.40 for disability and lost wages expenses.
Subsequently, Guillet filed a complaint against Ancrum, and prior to any discovery or the filing of an answer by Ancrum, the suit was settled with the latter's insurance carrier for $6,500.
Guillet then filed a motion for equitable distribution reciting the above facts, and praying for an order of equitable distribution pro-rating the amount of medical payments, lost earnings, court costs and reasonable attorneys fees.
Liberty Mutual filed a memorandum of law in opposition thereto, and seeking full reimbursement of its prior PIP payments under Fla. Stat. § 627.736(3)(a), F.S.A. The insurer contended that equitable distribution under subsection (3) (b) of the same statute was not proper in this case.
But, as this court stated in State Farm Automobile Insurance Co. v. Hauser, Fla.App. 1973, 281 So.2d 563, subsection (3) (b) clearly would be applicable in the present case because a lawsuit was filed. See also, State Farm Mut. Automobile Ins. Co. v. Mance, Fla.App. 3rd, 1974, 292 So.2d 52; Reyes v. Banks, Fla.App. 4th, 1974, 292 So.2d 39.
Nevertheless, in the instant case, Liberty Mutual also relies on our holding in Hauser as grounds for reversal. We must agree. In Hauser, the insured recovered $5,000 in a settlement with the tortfeasor after suit was filed. In addition, the insured's carrier had paid $1,339.60 in PIP benefits. Based on a $6,339.60 total recovery, we noted that a $150 sum awarded to the insurance company as equitable distribution seemed unreasonable inasmuch as the record demonstrated no facts or equitable consideration justifying such a small reimbursement.
In this case, the insured recovered a total of $8,902.80, and the PIP carrier was awarded only $445.14 reimbursement out of a total payment of $2,402.80. The record sub judice is likewise devoid of facts or equitable considerations supporting such a limited reimbursement.
Therefore, reaching the same determination we did in Hauser, we affirm that portion of the judgment providing for equitable distribution in this case. However, we reverse the judgment as to the amount of reimbursement awarded the insurance company, and we remand this case to the trial court for a reconsideration of the reimbursement to be awarded.
It is so ordered.