296 So.2d 504 (1974)
HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant,
v.
Angel DIAZ and Alicia Diaz, His Wife, Appellees.
No. 73-1542.
District Court of Appeal of Florida, Third District.
June 18, 1974.
Talburt, Kubicki & Bradley and James K. Clark, Miami, for appellant.
Adams, George, Wood, Schulte & Thompson, Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Appellee Angel Diaz was injured in an automobile accident. After having received $5,000 in personal injury protection benefits from his insurer Hartford Accident & Indemnity Company, Diaz filed an action for damages for personal injuries against the responsible tort-feasor and the latter's insurer. His wife joined therein claiming loss of consortium.
Prior to trial of that action it was settled for $65,000. Diaz moved the court, under § 627.736(3)(b) Fla. Stat., F.S.A., for a determination, based upon equitable distribution of the amount recovered, of the extent to which his insurer should be reimbursed.
Upon hearing the matter, based on the record and without further evidence, the court entered an order holding the insurer was entitled to receive reimbursement for its paid benefits to the extent of 10% thereof ($500). The insurance company appealed, contending the amount allowed as reimbursement was inadequate as an equitable distribution, and amounted to an abuse of discretion.
The appellees contended to the contrary, and in argument revealed that the net amount received by the plaintiffs from the settlement, above attorney fees and other expenses of the litigation, was $24,000, and that on the basis thereof the reimbursement allowance of 10% of the personal injury payments made by the insurer was not inadequate.
*505 In absence of the delineation of standards in subparagraph (b) of Section 3 of § 627.736 for determining the portion of such paid benefits to which an insurer should be entitled to reimbursement upon "equitable distribution of the amount recovered",[1] we are impelled to conclude that in this case where a substantial recovery was made, a reimbursement allowance of only 10% of the personal injury protection benefits was inadequate. See State Farm Automobile Insurance Co. v. Hauser, Fla. App. 1973, 281 So.2d 563; Liberty Mutual Ins. Co. v. Guillet, Fla.App. 1974, 294 So.2d 1.
In this connection it must be noted that under subparagraph (a) of Section 3 of § 627.736, when recovery is had without suit, an insurer having paid personal injury protection benefits is entitled to full reimbursement to the extent the net amount of the recovery will so permit.[2]
Where the succeeding subparagraph (b) provides for the court to determine the amount of reinbursement based upon such equitable distribution of the amount recovered [by judgment or settlement after filing action against the tort-feasor], the fact that full reimbursement would be permitted from such a recovery when made without suit would appear to indicate that reimbursement out of recovery obtained through suit should not be minimal, but should be a substantial part of the paid benefits, although reduced proportionately due to the added expense and effort of recovery or settlement through the filing of an action.
In this case the recovery was thirteen times greater than the personal injury protection benefits paid, and on the basis of the net recovery, was approximately five times the amount of such paid benefits. In that circumstance it would appear that equitable distribution would require that a portion of the paid benefits greater than 10% thereof should have been allowed to the insurer.
Accordingly, the order appealed from is reversed, and the cause is remanded to the trial court for a reconsideration and determination of the amount of reimbursement to be granted to the appellant insurer on equitable distribution, under § 627.736(3)(b), Fla. Stat., F.S.A.
It is so ordered.
NOTES
[1] Reyes v. Banks, Fla.App. 1974, 292 So.2d 39, states certain guide lines.
[2] State Farm Automobile Insurance Co. v. Hauser, Fla.App. 1973, 281 So.2d 563, 565; Reyes v. Banks, Fla.App. 1974, 292 So.2d 39.