300 So.2d 36 (1974)
HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant,
v.
Jay ORLOW, Appellee.
No. 74-91.
District Court of Appeal of Florida, Third District.
September 17, 1974.
Talburt, Kubicki & Bradley and James K. Clark, Miami, for appellant.
Horton, Perse & Ginsberg, Fuller, Brumer, Moss, Cohen & Rodgers, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
Appellant insurer seeks review of the trial court's order granting plaintiff's motion for equitable distribution.
On February 24, 1973 the appellee, Jay Orlow, received certain injuries as a result of an automobile accident. At the time of the accident, appellee was insured by the appellant, Hartford Accident and Indemnity Company. Under the personal injury protection benefits of the Hartford policy, without regard to fault, Jay Orlow received $3,707.49.
Thereafter, in August 1973 appellee initiated an action against the third party tortfeasor and her liability insurer. Subsequently, this personal injury action was settled for $9,500 which was $500 less than the tortfeasor's policy limit of $10,000. Appellee then filed a motion for equitable distribution on the insurance company lien filed by the appellant company. Petitioner-appellee filed in support of his motion *37 his deposition testimony and an affidavit. After a hearing was held on this motion, the trial judge entered an order awarding appellant insurance company $300 reimbursement on its lien on the proceeds of the settlement. Hartford Accident and Indemnity Company appeals therefrom.
The amount awarded to an insurer as equitable distribution is clearly within the discretion of the trial court. See State Farm Automobile Insurance Company v. Hauser, Fla.App. 1973, 281 So.2d 563; Reyes v. Banks, Fla.App. 1974, 292 So.2d 39.
After a close examination of the record on appeal, we conclude that appellant has failed to demonstrate an abuse of discretion on the part of the trial court in its award of $300 as a fair and equitable distribution of the proceeds of recovery in the case sub judice.
Accordingly, the order herein appealed is affirmed.
Affirmed.