307 So.2d 906 (1975)
CENTRAL NATIONAL INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Susana FERNANDEZ, a Minor by and through Her Father and Next Friend, Roberto Fernandez and Roberto Fernandez, Individually, Appellees.
No. 74-540.
District Court of Appeal of Florida, Third District.
January 28, 1975.
Rehearing Denied February 26, 1975.
Jeanne Heyward, Miami, Daniel V. Ligman, Coral Gables, for appellant.
Stephens, Magill, Thornton & Sevier and Ronald C. Willis, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This appeal again brings before the court the difficult questions involving how much money an insured is required to pay back to his insurance company for personal injury protection (PIP) benefits paid by the company after the settlement of a claim against the tortfeasor.
*907 The facts in this case are that the appellees pursuant to a settlement approved by the trial court under the provisions of Fla. Stat. § 744.60, F.S.A., recovered from the tortfeasor, one Donald S. Nordin, and his insurance company, Aetna Casualty & Surety Company, the sum of $10,000, representing the limits of Nordin's insurance policy.
The appellant insurance company, the no-fault insurance carrier for the appellees, paid to the latter the full amount of PIP benefits ($5,000) to which the appellees were entitled.
Before the trial court and before this court, the appellant has contended (1) that a lawsuit was never filed in this case and therefore the appellant is entitled to full reimbursement from its insured under Fla. Stat. § 627.736(3)(a) and, (2) even if a lawsuit was filed, as contended by the appellees, and subsection (3)(b) of the statute is applicable the sum of $300 awarded by the trial court as equitable distribution to the insurance company is unreasonable.
We hold first that a lawsuit was filed in this case which entitles the appellant to only equitable distribution. This is so because Section 744.60 cited above makes the filing of a petition with the court mandatory in order to have a settlement of a tort claim involving a minor approved.
Secondly, we think the award given in this case as equitable distribution was reasonable in light of the record and under the principles of law enunciated in White v. Reserve Insurance Company, Fla.App. 1974, 299 So.2d 661; Reyes v. Banks, Fla. App. 1974, 292 So.2d 39; Hartford Accident & Indemnity Company v. Diaz, Fla. App. 1974, 296 So.2d 504; and, Johnson v. State Farm Mutual Auto. Ins. Co., Fla. App. 1974, 294 So.2d 2.
Accordingly, the judgment appealed is affirmed.
Affirmed.