PER CURIAM.
This is another case where we are called upon to review an order of equitable distribution, returning to plaintiff’s PIP carrier $250.00 after the carrier had advanced $1,388.45 as PIP benefits.
The plaintiff filed a suit, but the matter was immediately settled before answer for $5,000.00 The plaintiff then petitioned for equitable distribution, but offered no legal evidence as to the extent or permanency of his alleged injuries. The court, without receiving any legal evidence or stating any equitable consideration, awarded the PIP carrier $250.00 and this appeal ensued.
Since the enactment of the no fault insurance statute, there have been a number of decisions on this subject matter of equitable distribution. State Farm Automobile Insurance Company v. Hauser, Fla.App. 1973, 281 So.2d 563;[1] Murray v. Leatherby Insurance Company, Fla.App.1973, 287 So.2d 344; Reyes v. Banks, Fla.App.1974, 292 So.2d 39; State Farm Mutual Automobile Insurance Company v. Mance, Fla.App.1974, 292 So.2d 52; Liberty Mutual Insurance Company v. Guillet, Fla.App. 1974, 294 So.2d 1; Johnson v. State Farm Mutual Automobile Insurance Company, Fla.App.1974, 294 So.2d 2; Hartford Accident Insurance & Indemnity Company v. Diaz, Fla.App.1974, 296 So.2d 504; White v. Reserve Insurance Company, Fla.App. 1974, 299 So.2d 661;[1] Unigard Insurance Company v. Davis, Fla.App.1974, 299 So.2d 667; Hartford Accident & Indemnity Company v. Orlow, Fla.App.1974, 300 So.2d 36; Central National Insurance Company v. Fernandez, Fla.App. 1975, 307 So.2d 906. One of the most recent opinions on this matter is one by the Fourth District Court of Appeal of Florida, which obviously was not available to the trial judge, styled American Fire and Casualty Company v. Oller, Fla.App.1975, 313 So.2d 67 (1975). We have previously followed the reasoning of the Fourth District in Reyes v. Banks, supra [Johnson v. State Farm Mutual Automobile Insurance Company, supra; Hartford Accident & Indemnity Company v. Diaz, supra], and we now believe our sister court, in a well-reasoned opinion by Judge Owen, has laid out an appropriate formula to be considered by a trial court in making an equitable distribution, and we herewith adopt said opinion and its reasoning and reverse the order of *786 equitable distribution here under review and return the same to the trial court for further proceedings in accordance with this opinion and the authorities cited herein.[2]
Reversed and remanded, with directions.

. The eases of State Farm Automobile Inurance Company v. Hauser, supra, and White v. Reserve Insurance Company, supra, are in direct conflict as to whether or not equitable distribution is allowable in those cases where the insured has settled his claim with the tortfeasor without filing suit. Both of these cases have been reviewed by the Supreme Court of Florida without resolution of that question, as in each case certiorari was denied without opinion. See: State Farm Automobile Insurance Company v. Hauser, Fla.1974, 293 So.2d 716, case dismissed; State Farm Automobile Insurance Company v. Hauser, Fla.1974, 295 So.2d 301, cer-tiorari denied; Reserve Insurance Company v. White, Fla.1975, 308 So.2d 113, certiorari denied.

. We have exercised our discretion and certified this case to the Supreme Court of Florida, under and as provided for in Article V, Section 3(b)(3) of the Constitution of Florida, as this decision passes upon a question of great public interest.