PER CURIAM.
This is an appeal by the no-fault insurance carrier from an order of equitable distribution entered pursuant to Fla.Stat. § 627.736(3) (b). The order will be affirmed. This opinion is written to express our view as to the record ordinarily necessary to support such an appeal.
The insured received no-fault payments, then received a settlement after filing suit against the negligent party. The insured thereupon filed a “Petition for Equitable Distribution,” and served the petition on her no-fault insurance carrier together with a notice of hearing for the trial judge’s motion calendar. The insured and the carrier appeared at the time and place specified. There was no objection of any kind by the carrier to the procedure employed.[1] The petition set out facts which, if proved, would have supported the discretion of the trial judge to make an award in the amount represented by the order appealed.[2] The insurance company offered no evidence of any kind and, therefore, the cause was submitted upon the oral argument presented. The order appealed was entered and this appeal followed.
The burden of the carrier’s argument here is that the trial court departed from the guide lines set forth in State Farm Automobile Insurance Co. v. Hauser, Fla.App.1973, 281 So.2d 563, and Hartford Accident & Indemnity Co. v. Diaz, Fla. App.1974, 296 So.2d 504. We are unable to determine that question upon the record before us. The carrier argues that it is the duty of the moving party in the trial court to make a record that will justify the equitable distribution. See Liberty Mutual Insurance Company v. Guillet, Fla.App. 1974, 294 So.2d 1. This is true. Nevertheless, when we are presented with a record showing a petition alleging facts sufficient to support the discretion of trial judge in making the award and showing no objection to the procedure employed and revealing no effort by the party subsequently appealing the award to object or offer any evidence, then we hold that the dissatisfied party is estopped to object on appeal to the procedure employed. See Marsh v. Sarasota County, Fla.App.1957, 97 So.2d 312, and Paul v. Ranter, Fla. App.1963, 155 So.2d 402.
Affirmed.

. The local rule of the Eleventh Judicial Circuit, approved by the Supreme Court, provides for a limited hearing on the motion calendar. Rule 3 is in part as follows:
“All motions and other pleadings that cannot be summarily disposed of ex parte but require not more than five minutes to be heard, and not justifying a special appointment, shall be heard on Motion Days and after due notice (not less than 3 clear days) is given to the adverse party or his attorney of record.”
*****

. The petition if relying on matters outside the record should be verified.