HENDRY, Judge.
Appellant brings this appeal from an order of the trial court entered on appellee James D. Tote’s, plaintiff below, petition for equitable distribution. Appellant became an interested party in the trial court upon the filing of the motion.
On July 2, 1974, appellee James D. Tote filed an action for damages against ap-pellees American Used Cars, Inc., Israel Mesa, and Old Reliable First Insurance Company seeking recovery for damages resulting from a motor vehicle accident. Subsequently, the case was settled and ap-pellee Tote received $8,000.
Following the accident, appellant paid $3,869.04 to appellee Tote for personal injury protection benefits pursuant to the Florida Automobile Reparations Reform Act and its policy of insurance with ap-pellee Tote. After the case was settled, appellee Tote filed a petition for equitable distribution. On January 28, 1975, the trial court entered its order, after a hearing, on appellee Tote’s petition and awarded appellant $500 as full and complete settlement of its personal injury protection lien. From the order, appellant brings this appeal.
*58 Appellant contends that the trial court erred and abused its discretion in awarding it only $500 pursuant to § 627.736(3) (b), Fla.Stat., F.S.A., providing for equitable distribution of the amount recovered by ap-pellee Tote. Appellee contends that the trial court did not abuse its discretion and, therefore, the order appealed should be affirmed.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no abuse of discretion has been demonstrated. See Liberty Mutual Insurance Company v. Avila, Fla.App.1975, 317 So.2d 784; American Fire and Casualty Company v. Oller, Fla.App.1975, 313 So.2d 67; Central National Insurance Company v. Fernandez, Fla.App.1975, 307 So.2d 906; and Reyes v. Banks, Fla.App.1974, 292 So.2d 39. Therefore, for the reasons stated and upon the authorities cited, the order appealed is affirmed.
Affirmed.