331 So.2d 372 (1976)
MANCHESTER INSURANCE & INDEMNITY COMPANY, and Department of Insurance, As Ancillary Receiver, Appellants,
v.
Rafael RODRIGUEZ, Administrator of the Estate of Ruben E. Adan, a Deceased Minor, et al., Appellees.
No. 74-1728.
District Court of Appeal of Florida, Third District.
May 4, 1976.
Kuvin, Klingensmith & Lewis, Miami, L. Guerry Dobbins, Tallahassee, for appellants.
Sams, Anderson, Post & Ward, Robyn Greene, Miami, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant seeks reversal of an order for equitable distribution directing that it receive $350 out of the proceeds of the judgment recovered by the estate of the deceased.
On May 1, 1973 Ruben E. Adan, a minor, while riding his bicycle was struck by a hit and run vehicle and fatally injured. Appellant, Manchester Insurance Company, and Gateway Insurance Company (not a party to this appeal) each paid $2,500 in personal injury protection benefits. Rafael Rodriguez, as administrator of deceased's estate, filed suit against defendants Avis Rent-A-Car System, Inc. and Ruth Wilson for recovery of all the medical and funeral expenses resulting from Adam's death (separate and apart from the elements of damage recoverable by the survivors). Defendants alleged as a defense that their vehicle was not the vehicle involved or in *373 the alternative that the vehicle was stolen and defendant Wilson was not the driver. There being no eyewitnesses to the accident, the cause took five days of trial before a jury, which found in favor of the estate for $11,183.78. Thereafter, Rodriguez filed a motion for equitable distribution. A hearing was held on this motion and the trial judge awarded Manchester $375 and Gateway $375. Manchester appeals the amount of this award. We affirm.
As held in Reyes v. Banks, Fla. App. 1974, 292 So.2d 39, 42, the following guidelines should be taken into consideration in determining equitable distribution pursuant to § 627.736(3)(b), Fla. Stat.:
"(1) The extent, if any, to which plaintiff failed to obtain full recovery for his entire damages;
"(2) The amount of the attorney's fee (which is usually a contingent fee and runs anywhere from 25% to 50% depending on the circumstances);
"(3) The amount of expense incurred in investigating and prosecuting the claim;
"(4) The amount (and value) of the time, inconvenience and responsibility involved on the part of the injured person (who may have not only missed work but have necessarily undergone much anxiety and worry in regard to the claim, the law suit, being `in court' for the first time in his life, etc.);
"(5) The fact that the client has to put up or stand good for the court costs, the investigation costs and other expenses of litigation while the carrier did not take this risk, and if the injured person has to end up paying all of these expenses without reimbursement, in the event of no recovery because of a defense verdict or no valid insurance or some other reason, it would be much harder on him ordinarily than it would have been on a large corporation."
In addition, the amount awarded to an insurer as equitable distribution is clearly within the discretion of the trial judge. Hartford Accident & Indemnity Company v. Orlow, Fla.App. 1974, 300 So.2d 36.
In light of the above principles and guidelines and in view of the fact of the protracted litigation due to the lack of eyewitnesses making it necessary for plaintiff to identify the vehicle and the driver on largely circumstantial evidence, we conclude Manchester has failed to show an abuse of discretion in the award to it of $375 as equitable distribution. Cf. Hartford Accident & Indemnity, supra and Central National Insurance Company v. Fernandez, Fla.App. 1975, 307 So.2d 906.
Affirmed.
PEARSON, J., dissents.