PER CURIAM.
In its briefs and oral argument appellant raises numerous important procedural problems inherent in determining equitable distribution of “PIP benefits” which were not presented nor reached in White v. Reserve Insurance Company, Fla.App. 1st, 1974, 299 So.2d 661; Unigard Insurance Company v. Davis, Fla.App. 1st, 1974, 299 So.2d 667. Reyes v. Banks, Fla. App. 4th, 1974, 292 So.2d 39 and other related cases. Unfortunately, none of the points here so presented were raised nor preserved at the trial court level and may not therefore be here resolved by us. We do, however, feel constrained to observe that there may well be a distinction between the evaluation of a “claim” and “loss”. Further, we would observe, that such an evaluation may not be accomplished in a vacuum and that such things as an injured person’s preexisting condition, questionable liability, venue (as related to prior experience as to size of jury verdicts) and the traditional concept of un *63 predictability of the outcome of a jury trial would all logically, together with numerous other considerations not necessary to be detailed here, be considered in making such an evaluation.
The only point properly preserved for our consideration on this appeal relates to the award of attorney’s fees, which award we find to have been proper under the circumstances of this case.
The order here appealed is therefore
Affirmed.
Appellee has also moved for attorneys’ fees incident to this appeal. That motion is granted and the trial court is directed, after appropriate proceedings, to fix and award same.
It is so ordered.
BOYER, C. J., MILLS, J., and SACK, MARTIN, Associate Judge, concur.